UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

AUSTIN RAY CARPENTER,

    Petitioner,

v.                                         No. 6:19-CV-00013-H

LORIE DAVIS-DIRECTOR
TDCJ-CID,

    Respondent.

## MEMORANDUM OPINION AND ORDER

In his amended 28 U.S.C. § 2254 habeas petition, Texas inmate Austin Ray Carpenter, with the assistance of counsel, challenges his state-court conviction and sentence. (Dkt. No. 7.) Respondent has filed her Answer with Brief in Support, along with copies of Petitioner's state-court records (Dkt. Nos. 16, 17), and Petitioner has filed his Reply (Dkt. No. 21). Also pending before the Court are Petitioner's Motion for Sanctions for Egregious Prosecutorial Misconduct with Brief in Support (Dkt. Nos. 18, 19), Respondent's Response in Opposition (Dkt. No. 23), Petitioner's Supplemental Motion for Sanctions (Dkt. No. 24), and Petitioner's First Supplemental Motion for Sanctions for Egregious Prosecutorial Misconduct (Dkt. No. 26). After considering the pleadings and relief sought by Petitioner, the Court finds that the Petition should be dismissed without prejudice for failure to exhaust state-court remedies, and the motions for sanctions should be denied.

**1.    Background**

On November 9, 2016, Petitioner pled guilty to aggravated assault with a deadly weapon in cause number B-16-0348-SB in the 119th District Court of Tom Green County, Texas. Under the terms of the plea agreement, Petitioner received a deferred adjudication

of guilt and was placed on community supervision for seven years. Petitioner waived his right to appeal the order of deferred adjudication. He did not file a direct appeal or a state application for writ of habeas corpus challenging the deferred-adjudication proceedings.

On May 1, 2017, the prosecution filed a Motion to Revoke Deferred Adjudication Probation and to Proceed to Adjudicate Guilt, followed by an amended motion with new allegations on September 5, 2017. The trial court found that Petitioner had violated the terms of his community supervision, revoked his probation, and adjudicated him guilty of the offense of aggravated assault with a deadly weapon. The trial court assessed punishment of 13 years' confinement in the Texas Department of Criminal Justice. Petitioner filed an appeal on October 10, 2017, which remains pending. Petitioner has not filed a petition for discretionary review (PDR) or state application for writ of habeas corpus challenging the adjudication of guilt.

The Court understands Petitioner to raise the following grounds for review in his amended federal petition:

(1) He was denied effective assistance of counsel, due process of law, and equal protection of law at the initial appearance and bond hearing held on January 6, 2016.

(2) He was actually and constructively denied his right to effective assistance of counsel while he was held in pretrial confinement for 11 months from January 6, 2016 until November 10, 2016.

(3) He was denied his right to effective assistance of counsel, due process, and equal protection during the plea-bargaining process when the State demanded he surrender his rights in order to gain his freedom from pretrial incarceration.

(4) He was actually and constructively denied his right to effective assistance of counsel, due process, equal protection, and freedom from cruel and unusual punishment when the State prosecuted and

> convicted him to 13 years in prison without a jury trial and used his involuntary and coerced confession and guilty plea against him.

(5) He was actually denied his right to effective assistance of appellate counsel.

In sum, Petitioner's grounds one, two, and three are challenges to proceedings leading up to and including his guilty plea and the order of deferred adjudication placing him on community supervision. Petitioner's grounds four and five are challenges to the proceedings that resulted in his 13-year sentence and the still-pending appeal in state court.

In her Answer with Brief in Support, Respondent argues that Petitioner's federal habeas petition should be dismissed as unexhausted under 28 U.S.C. § 2254(b) because Petitioner has never presented his claims to the Texas Court of Criminal Appeals in a petition for discretionary review or in a state application for writ of habeas corpus. Also, Respondent argues that Petitioner's grounds one, two, and three are time-barred under 28 U.S.C. § 2254(d). Finally, Respondent argues that Petitioner's claims raised in his grounds four and five are meritless.

## 2. Legal Standards

Under 28 U.S.C. §§ 2254(b)(1) and (c), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), "[f]ederal habeas relief is available to state prisoners only after they have exhausted their claims in state court." *O'Sullivan v. Boerckel,* 526 U.S. 838, 839 (1999). "The exhaustion requirement of § 2254(b) ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment." *Duncan v. Walker,* 533 U.S. 167, 178-79 (2001). The federal habeas statute is "designed to confirm that state courts are the principal forum for asserting constitutional

challenges to state convictions." *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Additionally, the exhaustion requirement helps "ensure that state proceedings are the central process, not just a preliminary step for a later federal habeas proceeding." *Id.*

AEDPA provides that habeas relief "shall not be granted" unless the applicant has exhausted state remedies, there is an absence of available state corrective process, or there are circumstances that render such corrective process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998). But "[f]ederal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Williams v. Taylor*, 529 U.S. 420, 437 (2000).

"The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court." *Whitehead v. Johnson,* 157 F.3d 384, 387 (5th Cir. 1998). The highest state court in Texas for criminal matters is the Texas Court of Criminal Appeals. *Richardson v. Procunier,* 762 F.2d 429, 431-32 (5th Cir. 1985). Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary review or a postconviction habeas corpus application pursuant to article 11.07 of the Texas Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp. 2013); *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003). A habeas petitioner has not exhausted his state remedies if he has the right to raise the

questions by any available procedure under state law. *Lowe v. Scott,* 48 F.3d 873, 875 (5th Cir. 1995).

**3. Analysis**

Petitioner readily admits that "[t]here is no question that [he] has not exhausted his state appellate remedies." (Dkt. No. 8 at 1.) He also indicates that his direct appeal was pending before the Third Court of Appeals of Texas when he filed this federal petition, and he has not filed a petition for discretionary review. (Dkt. No. 7 at 2.) The Court's review of the available online state-court records confirms that the direct appeal remains pending.[1] Petitioner does not mention any state application for a writ of habeas corpus in his pleadings, and a review of the applicable state-court records—as well as the Respondent's Answer with Brief in Support—confirm that no state habeas application has been filed. (*See* Dkt. No. 16 at 4, Dkt. No. 17.)

Petitioner urges the Court to excuse his failure to exhaust because circumstances exist that render state post-conviction remedies ineffective to protect his rights. *See* 28 U.S.C. § 2254(b)(1)(B)(ii). Petitioner places special emphasis on his indigence to argue that Texas's post-conviction remedies are inadequate to address his claims of ineffective assistance of counsel. In support of his argument that he should not be required to exhaust, he relies on *Trevino v. Thaler,* 569 U.S. 413 (2013).[2] But neither *Trevino* nor

---

[1] *See* Texas Courts Online—Court of Criminal Appeals, available at https://www.txcourts.gov/cca, Case No. 03-17-00661-CR (last visited Oct. 4, 2019).

[2] The Court need not address Petitioner's reliance on *Sorto v. Davis,* 859 F.3d 356 (5th Cir. 2017), other than to note that Respondent has correctly explained that the Fifth Circuit has withdrawn the opinion, and in any event, it is not applicable to the situation in this case. (Dkt. No. 16 at 6-7.)

5

other relevant authorities support Petitioner's request for the Court to excuse his failure to exhaust.

*Trevino* held that, under certain circumstances, a court may excuse the procedural default of ineffective-assistance-of-counsel claims when a petitioner shows that his counsel's errors—or the absence of counsel—during state habeas procedures caused the default and that the petitioner was prejudiced as a result. These cases involve situations where a petitioner has already challenged his conviction in the state high court, but because of defects in his representation during that process, the state court was unable to properly consider a potentially meritorious claim and the state corrective process is no longer available.

Here, in contrast, Petitioner's claims are not procedurally defaulted—he has never challenged his conviction in the Texas Court of Criminal Appeals. Petitioner is represented by counsel in his still-pending state appeal, and in the event his state appeal is unsuccessful, he can still file a petition for discretionary review or a state habeas application prior to filing his federal habeas petition. Petitioner must present his claims to the Texas Court of Criminal Appeals before he can challenge his conviction in federal court.

Further, Petitioner relies on *Trevino* for his assertion that Texas offers no effective corrective process for petitioners who raise ineffective-assistance-of-counsel claims. But *Trevino* does not support his assertion. *Trevino* expressly "recognized the importance of federal habeas corpus principles designed to prevent federal courts from interfering with a State's application of its own firmly established, consistently followed, constitutionally proper procedural rules." *Trevino*, 569 U.S. at 421. The *Trevino* Court concluded that "there are often good reasons" for ineffective-assistance-of-counsel claims to be reserved for

collateral—rather than direct—review proceedings. *Id.* at 429. Finally, and in any event, Texas case law undermines Petitioner's assertion. Texas prisoners routinely bring ineffective assistance of counsel claims with some success. *See, e.g., Ex Parte Saenz*, 491 S.W.3d 819 (Tex. Crim. App. 2016); *Ex Parte De Los Santos*, 2015 WL 5451710 (Tex. Crim. App. 2015); and *Ex Parte Thompson*, 2012 WL 3996655 (Tex. Crim. App. 2012).

Petitioner also argues that he should be excused from exhaustion because the available state processes are "not reasonably likely to produce the intended result." (Dkt. No. 21 at 3). Specifically, Petitioner argues that the state habeas review procedure is ineffective because he is unlikely to win if he proceeds without an attorney. But the Court notes again that Petitioner is represented by counsel, and presumably, his counsel made the choice to file his challenge in this Court rather than first pursuing state habeas relief in a procedurally correct manner. The Fifth Circuit has "observed that the exhaustion requirement may be excused if seeking a remedy in state court would be futile." *Fisher v. Texas*, 169 F.3d 295, 303 (5th Cir. 1999). But the futility exception does not allow petitioners to avoid presenting their claims to the highest state court simply because they believe they are unlikely to win. The exception applies when the state high court has recently decided the same legal question adversely to the petitioner. *Id.* Petitioner has not shown that the futility exception applies here.

In sum, Petitioner's admission and the state-court records show that he has not yet presented his claims to the Texas Court of Criminal Appeals, and he has not demonstrated that any exception to the exhaustion requirement applies in his case. Thus, the Court

concludes that this petition should be dismissed without prejudice for failure to exhaust state remedies.

**4.    Motions for Sanctions**

Counsel for Petitioner also filed a motion for sanctions and two supplemental motions, complaining that because of this case, the district attorneys of Tom Green County have engaged in "egregious prosecutorial misconduct" causing counsel to suffer professional hardship in his representation of clients in unrelated pending state criminal matters. Counsel requests sanctions that essentially amount to habeas relief for Petitioner. To the extent Petitioner argues that he should be excused for his failure to exhaust based on the alleged prosecutorial misconduct in unrelated pending state criminal matters, the Court finds that those circumstances do not excuse his failure to exhaust. Further, the relief he seeks does not appear to remedy the misconduct about which he complains. The Court finds that the motions provide no meritorious legal basis for granting the relief he seeks in this case and should be denied.[3]

**5.    Conclusion**

The Court has conducted a thorough examination of the pleadings, the relevant state-court records, and the applicable law. For the reasons set forth above and in Respondent's Answer, the Court finds that Petitioner has failed to exhaust his claims by presenting them to the Texas Court of Criminal Appeals in either a petition for discretionary

---

[3] The Court takes judicial notice of Civil Action No. 6:19-CV-00061-H, filed on October 1, 2019, by Counsel's law partner, Patricia Stone, raising the same or similar claims under 42 U.S.C. § 1983 against Defendants Tom Green County and District Attorneys Allison Palmer and John Best. That matter remains pending.

review or an application for writ of habeas corpus, and the instant petition is dismissed without prejudice for failure to exhaust.

It is, therefore, ordered:

1. The instant Petition for Writ of Habeas Corpus is dismissed without prejudice to Petitioner Austin Ray Carpenter's right to pursue his state-court remedies.

2. Petitioner's Motion for Sanctions for Egregious Prosecutorial Misconduct, as well as the supplemental motions for sanctions, are denied.

3. All relief not expressly granted is denied, and all pending motions not previously resolved are denied.

4. Pursuant to Rule 22 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 2253(c), Petitioner has failed to show that reasonable jurists would find it "debatable whether [this Court] was correct in its procedural ruling," and any request for a certificate of appealability is denied. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Petitioner is cautioned that the one-year statute of limitations for filing non-capital habeas corpus petitions in federal court will be applicable to any subsequent petition that he may file, and the petition in this case will not toll the limitations period. *See* 28 U.S.C. § 2244(d).[4]

---

[4] The one-year limitation period in 28 U.S.C. § 2244(d)(1) generally begins to run when the state court judgment becomes final by the conclusion of direct review or the expiration of time for seeking such direct review. *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003) (quoting 28 U.S.C. § 2244(d)(1)(A)). "[D]irect review includes a petition for writ of certiorari to the Supreme Court." *Id.* (citing *Giesberg v. Cockrell*, 288 F.3d 268, 270 (5th Cir. 2002)). *See Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir. 1998) (noting that a state conviction became final 90 days after the Texas Court of Criminal Appeals entered judgment even though petitioner did not file a petition for writ of certiorari).

Dated October 9, 2019.

                                                  _____
                                                  JAMES WESLEY HENDRIX
                                                  United States District Judge